James I. Stang (CA Bar No. 94435)
Brittany M. Michael, *(Pro Hac Vice)*
Gail S. Greenwood (CA Bar No. 169939)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, California 94104-4436
Email: jstang@pszjlaw.com
      bmichael@pszjlaw.com
      ggreenwood@pszjlaw.com

Timothy W. Burns (*Pro Hac Vice*)
Jesse J. Bair (*Pro Hac Vice*)
BURNS BAIR LLP
10 East Doty Street, Suite 600
Madison, Wisconsin 53703-3392
Telephone: 608-286-2808
Email: tburns@burnsbair.com
      jbair@burnsbair.com

*Attorneys for The Official Committee of the Unsecured Creditors*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 23-30564 (DM) |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | Chapter 11 |
| Debtor. | Adv. No. 25-03019 (DM) |
| THE ROMAN CATHOLIC ARCHBISHOP OF SAN FRANCISCO, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OPPOSITION TO THE DEBTOR'S MOTION FOR AN EXTENSION OF THE AUTOMATIC STAY** |
| Plaintiff, | |
| v. | |
| JOHN DB ROE SF *et al.*, | Date: June 26, 2025 |
| Defendants. | Time: 1:30 p.m. |
| | Place: Via Teleconference |
| | Judge: Hon. Dennis Montali |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1  Pursuant to Rule 201(b) of the Federal Rules of Evidence, the Official Committee of

2  Unsecured Creditors (the "Committee") of the Roman Catholic Archbishop of San Francisco (the

3  "Archdiocese") requests that the Court take judicial notice of the following pleadings that are

4  matters of public record that support the Committee's *Opposition to the Debtor's Motion for an*

5  *Extension of the Automatic Stay to All State Court Cases in Which Debtor and/or Non-Debtor*

6  *Affiliates Are Named as Defendants Under Bankruptcy Code Sections 105(a) and 362,* filed

7  herewith.

8  1.  Attached hereto as **Exhibit 1** is a copy of the *Order Granting Petition to*

9  *Coordinate* entered on July 22, 2020 in the case of *In re Northern California Clergy Cases,*

10  Alameda Superior Court, No. JCCP 5108 (the "Coordinated Proceeding").

11  2.  Attached hereto as **Exhibit 2** is a copy of the *Case Management Order* entered on

12  January 23, 2025 in the Coordinated Proceeding.

13

14  Dated:  June 12, 2025          PACHULSKI STANG ZIEHL & JONES LLP

15

16          By */s/ Gail S. Greenwood*
                James I. Stang
17              Brittany M. Michael
                Gail Greenwood
18              *Attorneys for the Official Committee of Unsecured*
                *Creditors*
19
                -- and --
20
          BURNS BAIR LLP
21
                Timothy W. Burns (pro hac vice)
22              Jesse J. Bair (pro hac vice)
                *Special Insurance Counsel for the Official Committee of*
23              *Unsecured Creditors*

24

25

26

27

28

# EXHIBIT 1


20907601

FILED
ALAMEDA COUNTY

JUL 2 2 2020

CLERK OF THE SUPERIOR COURT
By_____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| IN RE NORTHERN CALIFORNIA CLERGY CASES | No. JCCP 5108 |
| | ORDER GRANTING PETITION TO COORDINATE |
| | DATE 7/22/20<br>TIME 9:00<br>DEPT 21 |

   The cases in the petition for coordination generally (1) allege childhood sexual assault as defined in CCP 340.1(d) and (2) were filed under the reprieve from the statute of limitations in CCP 340.1(q) as recently amended by AB 218. A group of plaintiffs opposes parts of the petition. No defendant has opposed the petition.

   This court has been appointed coordination motion judge in JCCP 5108, but the court is aware of related cases in JCCP 5114 (which does not have an assigned coordination motion judge) and related cases filed in Alameda County. In the interest of case coordination generally, the court address all three categories of cases.

1

Case: 25-03019   Doc# 15   Filed: 06/12/25   Entered: 06/12/25 13:00:26   Page 4 of 24

IN RE NORTHERN CALIFORNIA CLERGY CASES, JCCP 5108

On 5/8/20, plaintiff in John SF-1 Doe v. Doe 1, Superior Court of the State of California, San Francisco, Case no. CGC-20-584-162 filed a petition to coordinate.

On 6/15/20, the Chair of the Judicial Council issued an Order Assigning Coordination Motion Judge, authorizing the presiding Judge in Alameda County to appoint a Coordination Motion Judge. (CCP 404; CRC 3.524.)

On 7/1/20, Judge Brad Seligman as Supervising Judge of Complex assigned Winifred Smith to sit as coordination motion judge to determine whether coordination of the included actions is appropriate. (C.C.P. § 404; C.R.C. 3.524.)

On 7/22/20, Judge Smith as coordination motion judge considered whether to coordinate the included actions. The included actions are defined as the actions identified in the petition dated 5/8/20 and the Judicial Council's order dated 6/15/20.

The identified superior court case numbers in the Petition for Coordination filed 5/8/20 in *John SF-1 Doe v. Doe 1*, San Francisco Case No. CGC-20-584-162, and in the Judicial Council Order dated 6/15/20 are:

John SF-1 Doe v. Doe 1, San Francisco Case No. CGC-20-584-162

John OAK-4 Doe v. Roman Catholic Bishop of Oakland, Alameda Case No. RG20-056654

John M-1 Doe v. Doe 1, San Francisco Case No. CGC-20-583959

John SF-2 Doe v. Doe 1, San Francisco Case No. CGC-20-584124

John SF-1 Doe v. Doe 1, San Francisco Case No. CGC-20-584163

John SR-1 Doe v. Doe 1, Sonoma Case No. SCV-266141

Case: 25-03019   Doc# 15   Filed: 06/12/25   Entered: 06/12/25 13:00:26   Page 5 of 24

BAY AREA CLERGY CASES, JCCP 5114

Separate and independent of the petition for coordination in JCCP 5108, plaintiffs filed a similar and overlapping petition for coordination. The Judicial Council has identified this petition for coordination as Bay Area Clergy Cases, JCCP 5114. The Judicial Council has not assigned JCCP 5114 to any county for appointment of a coordination motion judge. (https://www.courts.ca.gov/documents/CivilCaseCoord_2012toPresent_JCCPLog.pdf)

The identified superior court case numbers in the Petition for Coordination filed 6/15/20 in *Brogan v. Doe 1*, Alameda Case No. HG19-048691, are:

ALAMEDA CASES

McLennan v. Doe, Alameda Case No. RG20-061260

Doe OK 1009 v. Doe, Alameda Case No. HG20-053984

Barnes v. Doe, Alameda Case No. HG20-053983

Brogan v. Doe 1, Alameda Case No. HG19-048691

Doe OK 1017 v. Doe, Alameda Case No. RG20-057493

Doe OK 1008 v. Doe, Alameda Case No. HG20-053924

Doe OK 1011 v. Doe, Alameda Case No. RG20-057425

Doe OK 1031 v. Doe, Alameda Case No. HG20-053951

Doe OK 1014 v. Doe, Alameda Case No. HG20-053992

Stonebraker v. Doe, Alameda Case No. HG20-053989

Doe OK 1022 v. Doe, Alameda Case No. HG19-048685

Ash, McCann, and Stone v. Doe, Alameda Case No. RG19-039073

Duenas v. Doe, Alameda Case No. RG19-041044

Houle v. Doe, Alameda Case No. HG19-042086

Lopez v. Doe, Alameda Case No. RG20-048852

3

J.S. v. Doe, Alameda Case No. RG20-061096

SAN FRANCISCO CASES

Doe SF 1013 v. Doe, San Francisco No. CGC-20-583648

Doe SF 1010 v. Doe, San Francisco No. CGC-20-583643

Goldberg v. Doe, San Francisco No. CGC-19-581942

SONOMA CASES

Doe SR 1020 v. Doe, Sonoma No. SCV-265775

Doe SR 1021 v. Doe, Sonoma No. SCV-265774

Doe SR 1015 v. Doe, Sonoma No. SCV-266360

Holden, Doe 159, and Doe 164 v. Doe, Sonoma No. SCV-265359

Sloan, Doe 129, and Doe 130 v. Doe, Sonoma No. SCV-2665758 [typo?]

Doe 11 v. Doe, Sonoma No. SCV-265757

Zink and Doe 58 v. Roman Catholic Bishop of Santa Rosa, Sonoma No. SCV-265991

OTHER CASES

Doe MR 1006 v. Doe, Monterey No. 19CV—005258

Doe 74 and Doe 75 v. Doe, Monterey No. 19CV—004154

Hoey v. Doe, Contra Costa No. MSC19-02227

Doe 103 v. Doe, Santa Clara No. _____

ADDITIONAL CASES NOT IDENITFIED IN EITHER PETITION FOR COORDINATION

The Order of 7/1/20 assigning the coordination motion judge stated that the court reviewed its own records and identified cases that could be added to the coordinated proceeding.

4

These are not "included cases," but can be added to the JCCP under CRC 3.531. Cases that are potential add-on cases include:

> Doe v. Doe, Alameda Case No. RG20065435
>
> Doe v. Doe, Alameda Case No. RG20065437
>
> Doe v. Doe, Alameda Case No. RG20065425
>
> Doe v. Roe, Alameda Case No. RG20064685
>
> Doe v. Doe, Alameda Case No. RG20064084
>
> Doe v. Doe, Alameda Case No. RG20064221
>
> Doe v. Roe, Alameda Case No. RG20064759

## THE INCLUDED CASES IN JCCP 5108 ARE COLLECTIVELY COMPLEX

The included cases in JCCP 5108 (and JCCP 5114) are complex, given the large number of parties, potentially extensive motion practice raising difficult or novel legal issues, and potentially extensive discovery practice. (Cal. Rules of Court 3.400(b).) This Court previously managed Clergy III, JCCP 4359, and a review of the court's own register of actions demonstrates that it was a complex matter. (Evid Code 452(d).)

## COORDINATION IN JCCP 5108 IS APPROPRIATE (CCP 404.1)

Section 404.1 of the Code of Civil Procedure outlines various factors that the court must consider when ruling on a Petition of Coordination. Coordination is appropriate if it "will promote the ends of justice taking into account whether the common question of fact or law is predominating and significant to the litigation; the convenience of the parties, witnesses, and counsel, the relative development of the actions and the work product of counsel, the efficient

utilization of judicial facilities and manpower; the calendar of the courts; the disadvantages of duplicative and inconsistent rulings, orders, or judgments; and the likelihood of settlement of the actions without further litigation should coordination be denied." (CCP § 404.1.) (See also *Ford Motor Warranty Cases* (2017) 11 Cal. App.5th 626.)

The included cases share common questions of law and some common issues of fact. Although there is no doubt that numerous individual issues will ultimately have to be resolved in the included cases, that alone does not preclude coordination. (*McGhan Med. Corp. v. Superior Court* (1992) 11 Cal. App. 4th 804, 811-812.) The cases appear to be in all in their early stages. The cases will benefit from common and consistent orders on pleadings, discovery, and other matters. Coordination will provide substantial benefits to the efficient utilization of judicial facilities and manpower.

Courts in complex cases, coordinated or not, may approve stream-lined procedures including standardized complaints, plaintiff fact sheets and authorizations, and defendant fact sheets. In short, "the cases are ripe for coordination on discovery and related pretrial matters." (*Ford Motor Warranty Cases* (2017) 11 Cal. App.5th 626, 642.) Thus "the benefits of early coordination of discovery and motion practice…are in no way negated by the court's concern over litigation that is "heavily individualized …." (*Ford Motor Warranty*, 11 Cal.App.5th at 643 [quoting *McGhan*, 11 Cal.App.4th at 808].)

Coordination would be more convenient for the parties, witnesses, and counsel. Coordination would prevent duplicative depositions of key defendant witnesses. Coordination will ease the scheduling demands on counsel because multiple judges will not be setting different and potentially inconsistent timelines.

Coordination has undeniable benefits in these cases. Coordination appears to be the most efficient utilization of judicial resources, taking into account the calendars of the courts and the disadvantages of duplicative and inconsistent rulings, orders or judgments.

The Court ORDERS that the included cases in JCCP 5108 are coordinated. (CCP 404.1; CRC 3.529.)

GEOGRAPHIC SCOPE OF COORDINATED PROCEEDING

The order of 7/1/20 setting the hearing on the petition to coordinate asked the parties to address the geographic scope of any coordinated proceeding. On reflection, the coordination motion judge does not need to, and does not, define the geographic scope of the coordinated proceeding. A JCCP is defined by (1) the identity of the included cases in the petition and (2) the identify of cases that are subsequently added to the JCCP. (CRC 3.521, 3.529(a), 3.531, 3.544.)

The convenience of the parties, witnesses, and counsel, as well as the efficient utilization of judicial resources will require some discussion about which cases belong in Northern California Clergy Cases, JCCP 5108, Southern California Clergy Cases, JCCP 5101, and the Diocesan [San Diego] Cases, JCCP 5105.

At the hearing on 7/22/2020, there was general agreement among counsel that the County of filing define the JCCPs. One proposal was that JCCP 5108 include all cases filed in counties north of and including Monterey, Kings, Tulare, and Inyo Counties. The court does not decide that issue in this order. This will require discussion among the parties as well as among the coordination trial judges assigned to manage the JCCPs.

Case: 25-03019    Doc# 15    Filed: 06/12/25    Entered: 06/12/25 13:00:26    Page 10 of 24

## SUBJECT MATTTER SCOPE OF COORDINATED PROCEEDING

The Judicial Council has identified the proceedings as Northern California Clergy Cases and Bay Area Clergy Cases. Complaints alleging childhood sexual assault as defined in CCP 340.1(d) are not necessarily limited to clergy in any specific religious denomination or to clergy in religious institutions.

The court does not limit the subject matter scope of the JCCP to clergy in religious institutions or to religious institutions in any specific religious denomination. The court will consider on a case specific basis whether any specific case should be added to the coordinated proceeding. (CRC 3.531, 3.544.)

At the hearing on 7/22/2020, there was general agreement among counsel that the JCCP include claims against clergy and against religious institutions (regardless of denomination). The views were unclear or mixed about the management of cases involving against religious schools and other religious affiliated institutions. There was general agreement that the JCCP should not include claims against non-religious institutions such as schools, camps, and scouting organizations. Regarding schools specifically, there was concern that claims regarding schools would involve public entity law and that perhaps claims against public entities, if any, should be managed separately.

## LOCATION OF COORDINATED PROCEEDING

The coordination motion judge must recommend a particular superior court for the site of the coordinated proceeding. (CRC 3.530.) The factors to consider include: (1) the number of included actions in particular locations; (2) whether the litigation is at an advanced stage in a

particular court; (3) the efficient use of court facilities and judicial resources; (4) the locations of witnesses and evidence; (5) the convenience of the parties and witnesses; (6) the parties' principal places of business; (7) the office locations of counsel for the parties; and (8) the ease of travel to and availability of accommodations in particular locations. (CRC 3.530(b).)

The coordination motion judge recommends that that proceeding be located in Alameda County. All counsel agreed that Alameda was the appropriate location for the JCCP.

Alameda managed Clergy III, JCCP 4359. Alameda has institutional memory and experience in the form of court staff who worked on *Clergy III*. (*Center For Biological Diversity v. County of San Bernardino* (2010) 188 Cal.App.4th 603, 621 [appellate justices and trial court judges have "staff … to help them identify errors in counsel's reasoning, misstatements of law and miscitations of authority, and to do original research to uncover ideas and authorities that counsel may have missed, or decided not to bring to the court's attention"].)

The court is currently aware of more cases filed in Alameda than in San Francisco, but counsel states that dozens if not hundreds of additional cases might be filed and that they might be filed in many different counties. (Cunny Dec., para 19.) Alameda is marginally easier regarding ease of driving travel because it is closer to Contra Costa, Sacramento, and other counties to the east. All the identified cases appear to be at similar states of development, both courts have complex departments, both are equally convenient for parties and witness, both are the principal place of business for relevant defendant entities, and the office locations of counsel for the parties are throughout the state.

///

///

## DESIGNATION OF APPELLATE DISTRICT

The must designate a court of appeal for review of this order. (CCP 404.2.) The court selects the First District Court of Appeal for review of this order.

The court recommends that the Judicial Council designate a single District of the Court of Appeal as the intermediate reviewing court for all of (1) Southern California Clergy Cases, JCCP 5101, (2) Diocesan [San Diego] Cases, JCCP 5105, (3) Northern California Clergy Cases, JCCP 5108, and (4) Bay Area Clergy Case, JCCP 5114.

When the Judicial Council created Clergy I (JCCP 4286), Clergy II (JCCP 4297), and Clergy III (JCCP 4359) in 2004, the Judicial Council apparently designated the Court of Appeal, Second District, as the common intermediate court of appeal. *Doe v. Roman Catholic Bishop of San Diego* (2009, 2nd Dist) 101 Cal.Rptr 3d 398 at fn 3 [unpublished] states:

> The cases in this appeal are among many from throughout the State against various entities and individuals affiliated with the Catholic Church for childhood sexual abuse. Those cases have been coordinated in the Los Angeles County Superior Court and formerly in the Alameda County Superior Court. Southern California cases are known as *Clergy Cases I* (JCCP No. 4286) and *Clergy Cases II* (JCCP No. 4297). The Bay Area cases are known as *Clergy Cases III* (JCCP No. 4359). The Second District of the Court of Appeal is the intermediate appellate court for all of the coordinated cases.

(See also *Hightower v. Roman Catholic Bishop of Sacramento* (2006, 2nd Dist) 142 Cal.App.4th 759, 761 fn 1 [similar]; *Perez v. Roe 1* (2006, 2nd Dist) 146 Cal.App.4th 171, 173 fn 3 [similar]; (2006, 2nd Dist) 146 CalApp.4th 216, 220 fn 4 [similar].)

IT IS THEREFORE ORDERED:

1. The actions identified above in JCCP 5108 are complex (CRC 3.403);

2. Coordination of these actions is appropriate and therefore the Petition for Coordination is GRANTED (CCP 404.4; CRC 3.529);

Case: 25-03019   Doc# 15   Filed: 06/12/25   Entered: 06/12/25 13:00:26   Page 13 of 24

3. All further proceedings in the included actions in JCCP 5108 are STAYED (CRC 3.529(b));

4. Alameda County Superior Court is recommended as the coordination trial court for further proceedings in JCCP 5108 and its Local Rules shall be the rules applicable except where modified by order of the Coordination Trial Judge (CRC 3.530);

5. The First District Court of Appeal is selected as the reviewing court (CCP 404.2) for this order;

6. The court recommends that the Judicial Council designate a single District of the Court of Appeal as the intermediate reviewing court for all of (1) Southern California Clergy Cases, JCCP 5101, (2) Diocesan [San Diego] Cases, JCCP 5105, (3) Northern California Clergy Cases, JCCP 5108, and (4) Bay Area Clergy Case, JCCP 5114.

7. Petitioners in JCCP 5108 are ORDERED to promptly file this order in each included action in JCCP 5108, serve all parties in the included actions, serve all counsel who filed any objection to the petition, and submit this order to the Chair of the Judicial Council. (CRC 3.529)

8. Counsel for Petitioners in JCCP 5114, who filed an objection to the petition in JCCP 5108, are ORDERED to promptly file this order in each included action in JCCP 5114 and to promptly serve a copy of this order on all parties in JCCP 5114.

9. Counsel for any party identified in the petition in JCCP 5114 or in any case that (1) alleges childhood sexual assault as defined in CCP 340.1(d) and (2) is filed under the reprieve from the statute of limitations in CCP 340.1(q) as recently amended by AB 218 may, after appointment of a coordination trial judge, request to coordinate any case as an add-on case. (CRC 3.544.) It appears that the add-on case procedure must wait until the

11

appointment of the coordination trial judge. The coordination trial judge will determine whether JCCP 5108 is limited to cases with religious entity defendants.

10. The Court encourages distribution of this order widely, especially to counsel with any cases that are likely to be coordinated in these proceedings. All counsel with cases filed in Northern California that concern these proceedings are encouraged to attend further CMCs and hearings in the JCCP. The early participation of counsel in these coordinated proceedings will assist in moving the case forward. Counsel may attend hearings without entering a formal appearance.

Dated: July 22, 2020

Winifred Y Smith
Judge of the Superior Court

12

# EXHIBIT 2

**FILED**
Superior Court of California
County of Alameda

01/23/2025

Chad Finke , Executive Officer / Clerk of the Court

By: _Nicole Hall_ Deputy
N. Hall

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| IN RE NORTHERN CALIFORNIA CLERGY CASES | No. JCCP 5108<br>No. HG20-053992<br><br>CASE MANAGEMENT CONFERENCE ORDER<br><br>DATE 1/22/25<br>TIME  1:30<br>DEPT  21 |

The Court, having on 1/22/25 conducted a Case Management Conference ("CMC") in the above proceedings, and having reviewed the parties' Joint Case Management Conference Statement, reviewed submitted documents, and heard from counsel, finds and orders as follows:

## I.  STATUS OF THE JCCP

The Order of 7/22/00 granted the petition for coordination.  This JCCP exists because an amendment to CCP 340.1 permitted otherwise time barred claim to "be commenced within three years of January 1, 2020."  (CCP 340.1(q).)  (Order of 4/29/21.)  The cases in the JCCP were filed between 1/1/20 and 12/31/22.  The Court aspires to resolve complex cases within three years (Std Jud Admin 2.2(g)) and must resolve cases within five years (CCP 583.310).

1

At the CMC on 1/22/25, counsel reported that the JCCP cases fall into three buckets: Bucket 1—no defendants have filed for bankruptcy protection; Bucket 2—some defendants have filed for bankruptcy protection; and Bucket 3—all defendants have filed for bankruptcy protection. After the CMC, the Court received from Plaintiffs' liaison counsel a confidential spreadsheet listing and briefly describing the pending cases that are in the JCCP. Based on the spreadsheet: Bucket 1 contains about 268 cases; Bucket 2 contains about 523 cases; and Bucket 3 contains about 814 cases. (These numbers will be adjusted if the Diocese of Fresno or others file for bankruptcy protection.) To date, no case in the JCCP has undergone trial.

## II. CASE MANAGEMENT GOING FORWARD.

At the CMC, the Court described initial thoughts regarding a plan for case management going forward, which is set forth in more detail below. The Court requests that each side, through liaison counsel, respond to the proposed plan and/or make their own proposals or modifications to the plan in the joint CMC statement to submitted in advance of the regular monthly CMC to be held in February 2025.

*Proposed Management Plan*:

1. All cases in Buckets 1 and 2 will be given a date for trial (if an Alameda County case) or a date for transfer to another county for trial. (CRC 3.543.) Counsel shall meet and confer and propose a schedule of trial/transfer dates. The cases should be grouped, if appropriate. (For example, cases involving the same alleged individual perpetrator(s) might be grouped together.) The trial/transfer dates should be staggered in a logical manner. The schedules in the CMC statement filed 1/21/25 may be a starting point. The trial/transfer dates should trigger, working backwards, a litigation schedule for case development, discovery, motions, settlement discussions, and the like for each case in

Buckets 1 and 2. The cases must be "trial ready" when they are transferred. (See Orders of 12/12/22 and 7/18/23 and 5/29/24.) For cases that will be transferred to other counties for trial, the Coordination Trial judge can determine the transfer date (CRC 3.543) but the court where the case will be tried will determine the trial department, trial date, and other specifics about the trial.

2. The Court is inclined to order mediation within 30 days of the trial/transfer date for cases that have not previously undergone any type of mediation.

3. Approximately 30 days before the trial/transfer date, the parties will file exhibit lists, witness lists, case specific motions in limine, jury instructions, and other filings that comply with Alameda Local Rule 3.35 or any similar local rule of the county of trial.

4. Approximately 60 days before the trial/transfer date, the Court will hear motions in limine that have some general applicability (*i.e.*, a motion that calls for a ruling that has applicability to a meaningful range of cases), motions for summary adjudication or summary judgment, and motions to consolidate (CCP 1048).

5. Effective immediately, the Court will lift any stay of discovery on cases in the JCCP that have been imposed by Order of this Court. Discovery should be coordinated, so counsel in related cases participate in the same discovery to avoid duplication. The Court would consider appointing a discovery coordinator. By definition, the nature of the evidence, generally, in these cases is dated. With each passing year, witnesses relocate, are more difficult to find, suffer gradual loss of memory, and might pass away, and documents and real evidence become more difficult to locate or subject to destruction. The JCCP is already four-years old. Going forward, the benefits of completing discovery outweigh the benefits of staggering or further delaying discovery. The cases need to be developed

Case: 25-03019    Doc# 15    Filed: 06/12/25    Entered: 06/12/25 13:00:26    Page 19 of 24

for meaningful resolution—either by settlement or trial—whether in this action or a related bankruptcy action.

6. Cases in Bucket 3 will remain stayed in the JCCP as a result of the automatic bankruptcy stay. Parties are free to pursue their remedies within a bankruptcy action, *e.g.*, by an adversarial action or otherwise. If a defendant files for bankruptcy protection, cases will be moved to the appropriate Bucket.

7. Parties are encouraged to pursue mediation and settlement discussions on a parallel track. Settlement discussions or mediation should not hold up discovery or trial preparation.

## III. OTHER ISSUES RAISED AT THE CMC

### A. CMCS IN COUNTIES OF ORIGINAL VENUE

Counsel report that some courts in the Counties of Original Venue are setting CMCs. In a JCCP, the underlying case remains in the county of original venue. If counsel have filed a notice of stay in the case in the County of Original Venue, then that court should be aware of the JCCP and the stay of the action. Counsel may submit proposed orders that confirm that a case has been added to the JCCP under CRC 3.544 or otherwise, that the case is being managed in the JCCP, that the case might return to the county of original venue for trial, and that the action is stayed in the home venue. The parties could then file that order in the case pending in the county of original venue.

### B. DISCOVERY DISPUTE RESOLUTION PROCESS

Counsel requested the Court's guidance on Informal Discovery Conferences ("IDC"s). The Court does not require IDCs before filing a formal discovery motion. The Court finds that IDCs are helpful when all counsel pertinent to the discovery dispute at issue consent to the IDC. The Court does not make orders in IDCs over objection. The Court issues orders only on a duly

noticed motion.  If all counsel pertinent to a discovery dispute agree to an IDC, counsel proposing the IDC should contact the Dept. 21 clerk and propose dates for a 30-minute session, and the clerk will calendar the matter for a time when the Court is available.  The Court might in appropriate cases permit counsel who are not directly involved in an IDC to attend and to passively monitor an IDC to benefit from the discussion.

Discovery motions, on the other hand, should be calendared on the date for the monthly hearings in this JCCP.  For discovery motions, parties are free to agree to truncated briefing requirements and schedules and to waive procedures required by the California Discovery Act.

### C.  MOTIONS TO WITHDRAW AS COUNSEL

The Court ORDERS liaison counsel to develop a proposed order addressing Motions to Withdraw as Counsel.  In a JCCP there are special considerations relating to (1) ensuring that any person who will be self-represented is informed about all the prior orders in the JCCP and how to access and use CaseAnywhere and similar information; (2) ensuring that any person who will be self-represented is informed of their obligations to produce discovery and otherwise comply with court orders; and (3) clarifying that liaison counsel has limited responsibilities to a self-represented litigant after the withdrawal of counsel for that person.  As a model, the Court refers the parties to Ranitidine Products, JCCP 5150, order of 9/10/24.  The Court also refers counsel to Essure Products, JCCP 4887, order of 11/2/20, and Ranitidine Products, JCCP 5150, order of 12/4/23.  The Court will provide these to coordinating counsel.

### D.  EX PARTE APPLICATION TO APPOINT SPECIAL PROCESS SERVICE

The case of *John SV Roe Tij v. Doe 1* (Alameda case # 22CV 022675, Matrix # 433), apparently requires an international service of process of a Doe Defendant under the Hague Convention.  The *ex part*e as filed is DENIED.  The current request asks the Court to appoint a

Case: 25-03019   Doc# 15   Filed: 06/12/25   Entered: 06/12/25 13:00:26   Page 21 of 24

process server as the Court's own agent for service of process, which is highly unusual, but provides no legal basis for doing so. The Court notes that counsel should observe the distinction between asking the Court for an order that requests the assistance of a foreign jurisdiction's central authority to effectuate service and asking the Court to appoint a process server as the Court's own agent. Counsel may file a more robust *ex parte* application stating in greater detail what is requested and why a court order is appropriate or necessary, including the legal grounds warranting the specific relief requested.

### E. STATUS OF THE FRESNO DIOCESE FUTURE BANKRUPTCY FILING

Plaintiffs seeks an Order to Show Cause or sanctions against the Diocese of Fresno because Fresno represented that it would be filing for Chapter 11 reorganization and plaintiffs delayed proceedings regarding Fresno in anticipation of a bankruptcy stay, but Fresno has not yet filed for bankruptcy. The Court ORDERS that the request for an order to show cause or sanctions against the Diocese of Fresno is DENIED.

### F. EFFECT OF BANKRUPTCY ON CO-DEFENDANTS

Several defendants have filed for bankruptcy and the automatic bankruptcy stay is in effect for those defendants. The CMC statement filed 1/21/25 at 10:10-15 and 12:22 indicates that the parties have different views on how a bankruptcy stay applicable to one defendant affects the prosecution of claims against other defendants. The parties may file appropriate motions seeking Court Orders on the effect in state court of the automatic bankruptcy stay on any given defendant or on the proceedings in state court generally. Any Orders by this Court will be made upon an appropriate motion after adequate briefing regarding a specific dispute.

While the Court is disinclined to make advisory rulings, the Court interprets the parties submission as a request for general guidance. The Court is currently aware of case law that

stands for the following propositions: (1) The scope and effect of the stay is decided by the bankruptcy judges in the first instance (*In re Marriage of Sprague & Spiegel-Sprague* (2003) 105 Cal.App.4th 215, 219; *In re Gruntz* (9th Cir., 2000) 202 F.3d 1074, 1082, 1087); (2) a bankruptcy stay that applies to one defendant in a case applies only to that defendant and does not necessarily stay an action as to other defendants or to the case as a whole (*Higgins v. Superior Court* (2017) 15 Cal.App.5th 973, 981; *Danko v. O'Reilly* (2014) 232 Cal.App.4th 732, 748; *Cross v. Cooper* (2011) 197 Cal.App.4th 357 fn 2); and (3) a plaintiff asserting claims against a defendant that is not in bankruptcy may serve and obtain discovery from a defendant that is in bankruptcy (*In re Miller* (9th Cir. Bankr, 2001) 262 B.R. 499, 503 -507). If the parties file motions regarding whether a bankruptcy stay prevents or precludes certain actions in state court, the parties should address the relevant case law, including these decisions.

## G. TRIAL DATES

The Court ORDERS that, in the CMC statement for the next regular monthly CMC, parties may make requests for trial/transfer dates for specific cases.

Dated: January 23, 2025

S. Raj Chatterjee
Judge of the Superior Court

Superior Court of California, County of Alameda
Department 21, Administration Building

Case Number: JCCP005108
Case Name: Northern California Clergy Cases

CASE MANAGEMENT CONFERENCE ORDER

## DECLARATION OF ELECTRONIC SERVICE

I certify that I am not a party to these cases and that a true and correct copy of the foregoing document was served electronically pursuant to "Order Authorizing Electronic Service", entered in these coordinated proceedings on January 25, 2021, via the CASE ANYWHERE system. Execution of this certificate occurred at 1221 Oak Street, Oakland, California.

Executed on January 23, 2025

Executive Officer/Clerk of the Superior Court

By : *Nicole Hall*
Deputy Clerk